CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March 10, 2026
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTONIO SHEPPARD, ) | |
| ) | |
| Petitioner, ) | Case No. 7:25-cv-00359 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| PAMELA BONDI, *et al.*, ) | By: Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Respondents. ) | |

Petitioner Antonio Sheppard, who is proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 against U.S. Attorney General Pamela Bondi, Acting Director of the Federal Bureau of Prisons William Lothrop, and Warden John Gilley. (*See* ECF No. 6.) For the following reasons, his petition will be denied.

## I. BACKGROUND

In his amended petition, Petitioner alleges he was held in custody at least 369 days beyond his 90-month sentence, in violation of the Fifth Amendment's Due Process Clause. (*See* ECF No. 6-1, at 2.) He claims he was improperly credited for only 453 days of the 1003 days he was detained before being sentenced in his federal criminal case. (*Id.*) He asks the court to order his immediate release from lockdown and custody at USP Lee. (*See* ECF No. 6, at 7.)

About one month after filing his amended petition, Petitioner was released. (*See* ECF No. 9 (notifying the court of his new address).) The Federal Bureau of Prison's website confirms that Petitioner is no longer incarcerated at USP Lee and was released to the supervision of a residential reentry management office in Chicago, Illinois. *See*

https://www.bop.gov/inmateloc/ (indicating that Antonio Sheppard #10746-424 is located at "Chicago RRM") (last visited Mar. 9, 2026).

## II. ANALYSIS

Article III of the United States Constitution limits the jurisdiction of federal courts to only "cases" or "controversies." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Id.* at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). "Mootness is a jurisdictional question and thus may be raised *sua sponte* by a federal court at any stage of proceedings." *United States v. Springer*, 715 F.3d 535, 540 (4th Cir. 2013).

A petitioner's release from custody after filing a § 2241 petition can moot the petition. "In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance." *Gross v. Unknown*, No. 7:22CV00688, 2023 WL 3026734, at *1 (W.D. Va. Apr. 20, 2023) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 296 (4th Cir. 2007)). Though a petitioner's release does not automatically render his habeas corpus petition moot, "[p]etitions under § 2241 generally challenge the execution of a federal prisoner's sentence, and both the Fourth Circuit and [district courts within this Circuit] have dismissed sentence-focused habeas petitions as moot after a petitioner was released from custody." *James v. Janson*, No. 922CV03452MGLMHC,

2023 WL 3958437, at *2 (D.S.C. May 26, 2023), *report and recommendation adopted*, No. CV92203452MGLMHC, 2023 WL 3948566 (D.S.C. June 12, 2023) (collecting cases).

The Fourth Circuit has recognized two exceptions to the mootness doctrine. *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986). The first, the "collateral consequences" exception, applies "where a conviction results in collateral consequences sufficient to create 'a substantial stake in the . . . conviction which survives the satisfaction of the sentence.'" *Id.* (quoting *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968)). The second, the "capable of repetition, yet evading review" exception, applies when "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). Where neither exception applies, a petitioner's release will moot his § 2241 petition seeking release. *See Gross*, 2023 WL 3026734, at *1.

Here, the court can no longer award the specific relief Petitioner seeks—release from lockdown and incarceration—because he has already been released. And nothing in the amended § 2241 petition or Petitioner's other filings indicates that he faces collateral consequences as a result of the allegedly improper credit calculation or that he is likely to be subjected to the same action again. Accordingly, his petition is moot, and there is no longer an actual controversy for the court to adjudicate. *See Maxey v. Warden, FCI Petersburg*, No. 1:09CV443LMB/TCB, 2010 WL 1703731, at *1 (E.D. Va. Apr. 26, 2010) (dismissing § 2241 petition seeking good-time and prior-custody credit as moot after petitioner's release even though he remained on supervised release); *see also Rush v. Heckard*, No. CV 5:23-00368, 2025

WL 1943742, at *3 (S.D.W. Va. June 16, 2025), *report and recommendation adopted*, No. 5:23-CV-00368, 2025 WL 1932514 (S.D.W. Va. July 14, 2025) ("Petitioner's claims were rendered moot by virtue of his release from custody . . . and the absence of collateral consequences, and therefore, his Section 2241 Petition must be dismissed.").

### III.   CONCLUSION

For the reasons set forth above, Petitioner's amended § 2241 petition will be denied as moot.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Petitioner.

**ENTERED** this 10th day of March, 2026.

>  */s/ Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE